UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-cv-24553-MORENO/LOUIS

ROBERTO CARLOS LOPEZ,

    Plaintiff,

v.

AMERICAN EAGLE TOWING INC.,
EDWIN DOMINGUEZ, SR.,
EDWIN DOMINGUEZ, JR.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court on Plaintiff's Motion for Bill of Costs and Verified Motion for Attorney's Fees and Costs (ECF Nos. 11, 14). Plaintiff's counsel seeks an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b) following acceptance of Defendants' offer of judgment. Defendants do not contest Plaintiff's entitlement to an award, but do object to specific time entries as unreasonable.

This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and the Magistrate Judge Rules of the Southern District of Florida (ECF No. 16). Upon consideration of the Verified Motion and exhibits thereto, Defendants' opposition, Plaintiff's Reply, and upon review of the record as a whole, the undersigned **RECOMMENDS** that the Motions be **GRANTED in part** and **DENIED in part** as explained below.

## I.     BACKGROUND

Plaintiff initiated this suit alleging Defendants' knowing and willful violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. According to Plaintiff's Statement of Claim (ECF No. 5), his total liquidated damages were $3,054.29. Within a month of the filing of Plaintiff's Statement of Claim, Defendants served an offer of judgment for nearly the full amount of Plaintiff's alleged damages ($3,000.00). Plaintiff noticed acceptance of the offer on February 16, 2018. The offer expressly permitted a separate determination of reasonable attorney's fees and award of costs.

## II.    ANALYSIS

A prevailing plaintiff is entitled to an award of its reasonable attorney's fees and costs incurred in pursuit of her claim. Plaintiff prevailed and is entitled to recoup his fees and costs reasonably incurred. The undersigned has analyzed the submissions and the record as a whole and recommends an award of $538.00 in costs and $3,500.00 in fees as further explained below.

### A.     Attorney's Fees

Counsel seeks an award in the amount of $4,025.00 for 11.5 hours at $350.00 per hour. Defendants do not contest the hourly rate as unreasonable nor do they dispute the majority of the time entries. Defendants contend that counsel unreasonably expended one hour on research offers of judgment and entries of judgment on the day Plaintiff accepted Defendants' offer of judgment. Defendants argue that in light of counsel's significant experience litigating FLSA cases in this District, it would be unreasonable to advance that fee to a paying client. Defendants further contest counsel's entry of thirty minutes spent downloading a website. An applicant for attorneys' fees "is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical or which did not require the full exercise of an

attorney's education and judgment." *Tiramisu In'l LLC v. Clever Imports LLC*, 741 F. Supp. 2d 1279, 1297 (S.D. Fla. 2010).

In his Reply, counsel accedes to the reductions suggested by Defendants and lowers his request for fees to $3,500.00. In the absence of any opposition to the hourly rate charged by counsel or the remaining time entries, the undersigned concludes that $3,500.00 is reasonable for the work performed on the case. *See Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Also in the Reply, counsel advances—without verification—an additional hour and a half incurred in preparation of the Motion for fees and the Reply. However, his original fee application *already* sought an hour for preparation of the Motion. Considering this apparent double-counting and the absence of verification for the time incurred in preparing the Reply, the undersigned does not recommend inclusion of the requested $525.00 for that time.

    **B.**    **Costs**

Plaintiff seeks reimbursement for three categories of costs: service of subpoena ($123.00); filing fees ($400.00); and investigatory cost of an Accurint search of Defendant Dominguez ($15.00). Defendant filed no response in opposition to Plaintiff's Motion for costs and has not otherwise challenged any of Plaintiff's costs. The undersigned has reviewed the invoices submitted and recommends awarding Plaintiff the full amount of costs incurred.

**III.**    **RECOMMENDATION**

For the foregoing reasons, it is hereby **RECOMMENDED** as follows:

(1) Plaintiff's Motion for Bill of Costs and Verified Motion for Award of Attorneys' Fees and Expenses (ECF Nos. 11, 14) should be **GRANTED in part** and **DENIED in part.** Plaintiff

should recover an award of $3,500.00 in attorneys' fees and $538.00 in costs, for a total award of $4,038.00

(2) The Court should enter a fee and cost judgment, pursuant to Fed. R. Civ. P. 58, for that amount.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from de novo determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE and ORDERED** in chambers at Miami, Florida this 24th day of August, 2018.

LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE