UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 17-24553-CIV-MORENO**

ROBERTO CARLOS LOPEZ,

        Plaintiff,

vs.

AMERICAN EAGLE TOWING, INC.;
EDWIN DOMINGUEZ, SR.; and EDWIN
DOMINGUEZ, JR.,

        Defendants.

_____/

## ORDER ADOPTING IN PART MAGISTRATE JUDGE LOUIS'S REPORT AND RECOMMENDATION AND OVERRULING DEFENDANTS' OBJECTIONS

THE MATTER was referred to the Honorable Lauren F. Louis, United States Magistrate Judge, for a Report and Recommendation on Plaintiff's Motion for Bill of Costs **(D.E. 11)**, filed on **March 21, 2018**, and Plaintiff's Motion for Attorney's Fees and Costs **(D.E. 14)**, filed on **May 15, 2018**. The Magistrate Judge filed a Report and Recommendation **(D.E. 18)** on **August 24, 2018**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that, for the reasons stated below, Defendants' Objections to the Report and Recommendation are **OVERRULED** and United States Magistrate Judge Lauren F. Louis's Report and Recommendation is **AFFIRMED** and **ADOPTED IN PART**. More specifically, it is

**ADJUDGED** that Plaintiff is entitled to an award of $2,500 in attorneys' fees and $538 in costs, for a total award of $3,038.

## I.   Background

On February 16, 2018, Plaintiff filed a Notice of Acceptance of Offer of Judgment, settling his claim for $3,000 and permitting a separate determination of reasonable attorney's fees and costs. On March 21, 2018 and May 15, 2018, Plaintiff filed a Motion for Bill of Costs and a Motion for Attorney's Fees and Costs, respectively. The motions were referred to Magistrate Judge Louis for a Report and Recommendation. Plaintiff's motions requested $4,025 for 11.5 hours at $350 per hour and $538 in costs.

Defendants did not contest the hourly rate, but argued that the amount should be reduced and that the motion be stricken for allegedly improper verification. Defendants argued that the amount should be reduced for two reasons: (1) Plaintiff's counsel unreasonably expended one hour on research regarding offers of judgment and entries of judgment given his level of experience in litigating FLSA cases, and (2) Plaintiff's counsel unreasonably spent thirty minutes downloading a website, which is a mundane task that did not require a legal education or judgment. In his Reply, Plaintiff agreed to the reductions suggested by Defendants, but argued that he be entitled to additional fees for the preparation of the motion and the reply.

In her Report and Recommendation, Magistrate Judge Louis did not address the issue of verification, but agreed with Defendants that the fee should be reduced for those two reasons. Magistrate Judge Louis also declined to award additional fees for the preparation of the motion and reply. As such, the Report recommends that the Plaintiff recover an award of $3,500 in attorneys' fees and, finding no reason to reduce the costs requested, that Plaintiff receive $538 in costs, for a total award of $4,038.

## II.   Defendants' Objections

Defendant objects to the Report and Recommendation, arguing mainly that Plaintiff's counsel failed to "submit a properly verified fees motion" which should preclude him from

receiving attorneys' fees. Furthermore, Defendant accuses Plaintiff's counsel of "padding his time" by raising other allegedly unreasonable time entries. Notably though, those time entries were not previously raised in the Response to Plaintiff's motion for fees and, in fact, Defendants stated that, with the exception of the two issues listed earlier, they were deliberately choosing "not to address the remaining hours reflected in the billing statement." (D.E. 15, at 3.) For this reason, Defendants' newly raised objections to additional hours in Plaintiff's billing statement are OVERRULED.

With respect to Defendants' allegation regarding proper verification of Plaintiff's motion for fees, Defendants argue that Plaintiff's verification of the motion is invalid because it is based upon the "information and belief standard." Defendants are incorrect. While Defendants cite to an Eleventh Circuit case for the proposition that a motion for attorneys' fees could not be verified under that standard, that case narrowly held that a complaint alleging violations of a constitutional right could not be based on "information and belief" that third-party individuals suffered similar violations to the plaintiff. *See Chandler v. Sec'y of Florida Dept. of Transp.*, 695, F.3d 1194 (11th Cir. 2012). More importantly, after reviewing the complaint in that case, the Court notes that the allegations were made solely using the language "upon information and belief," and not using the language "under penalty of perjury." The analysis turns on this distinction.

Section 1746 of the U.S. Code, Unsworn declarations under penalty of perjury, states, in pertinent part:

> **Whenever, under any law of the United States or under any rule**, regulation, order, or requirement made pursuant to law, **any matter is required or permitted to be supported, evidenced, established, or proved by the sworn** declaration, **verification**, certificate, statement, oath, or affidavit, **in writing of the person**

**making the same** (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), **such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn** declaration, certificate, **verification,** or statement, **in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form. . .**

If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".

28 U.S.C. § 1746 (emphasis added).

Here, the motion states: "Under penalties of perjury, I declare that I have read the foregoing Motion for Attorneys' Fees and that the facts stated in it are true to the best of my knowledge and belief." (D.E. 14, at 3.) While Defendant argues that the "information and belief" language qualifies Plaintiff's verification such that it should be stricken as improper, the Eleventh Circuit addressed this issue in *U.S. v. Roberts*, 308 F.3d 1147, 1154 (11th Cir. 2002). In *Roberts*, the court noted that a verification made pursuant to 28 U.S.C. § 1746, with language that was almost identical to the language before the Court in the instant motion, was "clearly intended to submit a sworn declaration subject to the penalty of perjury." *See also Cobell v. Norton*, 391 F. 3d 251, 260 (D.C. Cir. 2004) (citing the Eleventh Circuit in *U.S. v. Roberts*, holding that under the Local Rules of the D.C. Circuit and 28 U.S.C. § 1746, a declaration or certification that includes the modifying language "to the best of [the declarant's] knowledge, information or belief" is sufficient).

For this reason, Defendant's objection challenging the validity of the verification of the motion for fees is OVERRULED.

## III.    Conclusion

Although the undersigned declines to reduce attorneys' fees for the reasons requested by Defendants, the Court has nevertheless determined that an award of $3,500 for attorneys' fees is unreasonable in light of the fact that the case settled for $3,000. For that reason, the Court will reduce attorneys' fees to $2,500. As such, Magistrate Judge Louis's Report and Recommendation is ADOPTED and AFFIRMED IN PART. Plaintiff shall receive $2,500 in attorneys' fees and $538 in costs, for a total award of $3,038. For which sum let execution issue.

DONE AND ORDERED in Chambers at Miami, Florida, this _____ of October 2018.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
United States Magistrate Judge Lauren F. Louis
Counsel of Record